Per Curiam.

This is an action for breach of- contract in that the steel sheets which were the subject matter of the contract did not conform to the specifications of the contract. There may have been some confusion in the minds of the parties and at the trial as to whether the action was brought in rescission, and appellant claims that the court awarded judgment as if the action were in rescission when such a cause of action was not. made out. We agree that a cause of action in rescission was not made out, and plaintiff eschews that theory of action. We view the action as plaintiff views it, as an ordinary action for breach of contract, but in that view the award of damages by the court, apparently based on plaintiff’s out-of-pocket expenses and loss of profits, is not warranted.
The proper measure of damages in such a case would be the difference between the value of the goods at the time of the delivery to the buyer and the value they would have had if they had answered to the warranty (Personal Property Law, § 150, subd. 7). There was no sufficient showing of that difference in value. As the measure of damages applied was incorrect, and we are unable to calculate the damages upon a proper basis, the judgment must be reversed and a new trial ordered.
We also feel required in this case to make the observation that the decision of the court is an inadequate compliance with section 440 of the Civil Practice Act, which requires that the decision of the court must state the facts which it deems- essential. While there was a waiver of formal findings of fact and conclusions of law, we have had occasion to point out that such a waiver does not dispense with the necessity of a decision which treats sufficiently of the facts for the parties and appellate courts to know the facts found by the court which were essential to its determination of the ease. We have written on this subject in the recent case of Mason v. Lory Dress Co. (277 App. Div. 660). What was there said is applicable to the present case.
The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.